**02-01-4075**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JOHN CANNICI,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   16 CV 09863 |
| ) | |
| **VILLAGE OF MELROSE PARK,** ) | Honorable Elaine E. Bucklo |
| **ILLINOIS, BOARD OF FIRE AND** ) | Magistrate Judge Mary M. Rowland |
| **POLICE COMMISSIONERS OF** ) | |
| **MELROSE PARK, ILLINOIS,** ) | |
| **MICHAEL CAPUTO, MARK RAUZI** ) | |
| **and PASQUALE ESPOSITO,** ) | |
| **Members of the Board of Fire** ) | |
| **and Police Commissioners of** ) | |
| **Melrose Park, RICHARD** ) | |
| **BELTRAME, Melrose Park Fire** ) | |
| **Chief, and RONALD SERPICO,** ) | |
| **Mayor of Melrose Park, individually** ) | |
| **and in their official capacities,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS, BOARD OF FIRE AND POLICE COMMISSIONERS OF MELROSE PARK, and
COMMISSIONERS MICHAEL CAPUTO, MARK RAUZI, and PASQUALE ESPOSITO'S,
<u>MOTION TO DISMISS PURSUANT TO §12(b)(6)</u>**

NOW COME the Defendants, BOARD OF FIRE AND POLICE COMMISSIONERS OF MELROSE PARK (hereafter "Board"), and COMMISSIONERS MICHAEL CAPUTO, MARK RAUZI, and PASQUALE ESPOSITO (hereafter collectively referred to as "Commissioners") by and through their attorneys, HARTIGAN & O'CONNOR P.C., and for their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) hereby state as follows:

1. JOHN CANNICI (hereafter "Cannici") filed his complaint on September 26, 2016 (attached hereto and made a part hereof as Exhibit 1 is a true and correct copy of said Complaint.)

2. Cannici, in addition to seeking relief pursuant to the Illinois Administrative Review Act, has filed two claims pursuant to 42 U.S.C. §1983 for violation of procedural due process and violation of equal protection, respectively.

## RULE 12(b)(6) STANDARDS

In considering a motion to dismiss, the court assumes the truth of the factual allegations, though not its legal conclusions. *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice". *Geinosky v. City of Chicago*, 675 F.3d 743, 745, n.1 (7th Cir. 2012). The facts below are set forth as favorably to Cannici as these materials allow. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

## FACTS

Cannici was a firefighter for the Village of Melrose Park from June 2000 until August 24, 2016. (Complaint ¶3). In May of 2016, Cannici was summoned for an interrogation regarding his residency. (Complaint ¶23). On June 29, 2016, Richard Beltrame (hereafter "Beltrame") filed charges with the Board. (Complaint ¶28). The charges asserted that Cannici violated the village's residency ordinance, and sought his termination from the Fire Department. (Complaint ¶29-30). The Board held a hearing on August 4, 2016. (Complaint ¶53). On August 24, 2016, the Board entered its Findings and Decision terminating Cannici's employment. (Complaint ¶1). Cannici timely filed his

Verified Complaint for Administrative Review and For Other Claims And Relief on September 26, 2016. (Dkt. 1). The complaint alleges that the Board made erroneous conclusions of fact and law and failed to comply with the Illinois Administrative Code regarding the conduct of hearings.

The complaint pleads the following counts:

Count I        Administrative Review Act (pursuant to 735 ILCS 5/3-101 et seq.);

Count II       Procedural Due Process (42 U.S.C. §1983) against the Board of Fire and Police Commissioners, Michael Caputo, Pasquale Esposito, Mark Rauzi, and Chief Richard Beltrame, in their individual and official capacities;

Count III      Equal Protection (42 U.S.C. §1983) against the Board, Michael Caputo, Pasquale Esposito, Mark Rauzi, Richard Beltrame, the Village of Melrose Park, and Ron Serpico, Mayor of the Village of Melrose Park (hereafter "Serpico).

For the reasons set forth below, Count II (procedural due process) and Count III (equal protection) are subject to dismissal, as are all claims against the Commissioners in their individual capacities.

## I. COUNT II – PROCEDURAL DUE PROCESS

To state a claim for violation of procedural due process under the Fourteenth Amendment, Plaintiff must allege: 1) a deprivation of a protected interest; and 2) insufficient procedural protections surrounding the deprivation. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Because Cannici has not alleged that insufficient state-law procedures exist, the complaint fails to state a valid procedural due

3

process claim. Cannici was afforded a pre-termination hearing in accordance with state law (the transcript of the hearing is attached to Cannici's complaint), and the Board's decision is subject to administrative review (Cannici has sought that review in Count I). The pre-deprivation hearing, coupled with the opportunity for post-deprivation administrative review, is adequate to satisfy due process, and bars Cannici's claim for a violation of procedural due process.

A complaint does not state a valid procedural due process objection (and a valid §1983 claim) if it does not include a colorable objection to the validity of the state's procedures. *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Daniels v. Williams*, 474 U.S. 327, 339-40 (1986) (Stevens, J., concurring)). Where state-law remedies exist, a plaintiff must either avail herself of the remedies guaranteed by state-law or demonstrate that the available remedies are inadequate. *Id.* For a terminated employee with a protected property interest, "the adequacy of pre-termination procedures is dependent upon the extent of post-termination procedures." *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534, 537-38 (7th Cir. 2008) (finding administrative review of board's decision after the fact was adequate to address violation of Fireman's Disciplinary Act).

*Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985), held that due process requires some kind of hearing prior to the discharge of an employee who has a constitutionally protected interest in his employment. Illinois law provides for that hearing pursuant to 65 ILCS 5/10-2.1-17. When the opportunity for administrative review once a termination decision is reached exists, the pre-termination hearing may be truncated. *Michalowicz* at 537; *Swank v. Smart*, 898 F.2d 1247, 1256 (7th Cir. 1990)

("Only if there is no provision for a post-termination hearing must the pre-termination hearing provide all the procedural safeguards to which due process entitles a tenured public employee".) Cannici's pre-termination hearing provided all the process due under *Loudermill*, and administrative review of the Board's decision (the remedy he seeks in Count I) is a sufficient post-deprivation remedy to satisfy the due process complaints Cannici makes.

Cannici does not complain that state procedures for the pre-termination hearing itself were inadequate or nonexistent; and even if that were the allegation, it is belied by the complaint and exhibits attached thereto. As the exhibits to the complaint make clear, Cannici was afforded a pre-termination hearing before the Board on August 4, 2016. (Complaint, Exh. 5). At the hearing, Cannici and his counsel appeared, Cannici was placed under oath and examined and cross-examined, and both sides were permitted to offer evidence in support of, and against, the charges. The pre-termination hearing provided all the procedural safeguards required by due process. *Vukadinovich v. Bd. of School Trustees of Michigan City*, 978 F.2d 403, 411 (7th Cir. 1992) (the opportunity to call witnesses, present evidence, cross-examine witnesses, and argue to Board provided due process). The pre-termination hearing required by *Loudermill* is to process, not a favorable outcome. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013); *Collins v. Harker Heights*, 503 U.S. 115, 129 (1992) (the Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions). Nor does the Constitution require states to ensure their laws are implemented correctly. *Simmons* at 1044. The due process clause requires the state to afford an opportunity for a hearing before depriving someone of a property right created by state law. *Id*. Since Cannici

makes no allegation that state procedures do not exist, or that he was not provided the pre-deprivation hearing to which he was entitled under *Loudermill* (and 65 ILCS 5/10-2.1-17), he has not stated a viable due process claim.

What Cannici asserts is a different variety of due process violation. Cannici alleges that the Board was biased and made erroneous factual and legal conclusions contrary to the requirements of the procedures which did exist. That species of due process claim is a challenge to the "random and unauthorized" actions of state officials in question. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008). A plaintiff alleging a due process claim on "random and unauthorized" state conduct, and not a claim based on established state procedure, must either avail himself of state post-deprivation remedies or demonstrate that the available remedies are inadequate. *Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 805 (7th Cir. 2010) (distinguishing between claims that established state procedures do not comport with due process and claims of "random, unauthorized acts").

The constitutional violation actionable under §1983 is not complete when the deprivation occurs; it is not complete unless and until the state fails to provide due process. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Illinois' procedures for a pre-termination hearing coupled with administrative review of the decision in state court post-deprivation are adequate state law remedies which prevent the plaintiff from establishing a due process claim. Cannici's allegation is that the Board provided him with the process, and came to the wrong decision because they misapplied the law, or were biased. *Michalowicz* at 534 (the relevant constitutional question is whether sufficient state law protections *exist*, not whether sufficient protections were *afforded*)

6

[emphasis in original]. In other words, Cannici claims the Board acted in a random and unauthorized manner. *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 939-40 (7th Cir. 2003). This type of claim can be satisfied by administrative review in state circuit court. *Deservi v. Bryant*, 14 cv 3881, 2015 WL 3856109 at *2 (N.D. Ill. June 19, 2015). The opportunity to litigate in state court is all the process due for an unauthorized departure from requirements of state law. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013); *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d at 941 (while a plaintiff is not required to exhaust state remedies to bring a §1983 claim, it does not change the fact that no due process violation has occurred when adequate state remedies exist.)

The court in *Michalowicz v. Village of Bedford Park*, 528 F.3d 530 (7th Cir. 2008), held that claims of bias or unsupported findings by a village board in terminating a fire inspector (who had a constitutional protected property interest in his job) were an example of "random and unauthorized" actions, and that a review pursuant to the Administrative Review Act (735 ILCS 5/3-101) was an adequate remedy to satisfy due process. *Michalowicz* at 535, 537-38. According to *Michalowicz,* the type of error of which Cannici complains may be remedied by state-court review of the legal and factual challenges to the Board's action against him. *Id*. Because the review of the Board's decision includes review of "all questions of law and fact presented by the entire record" and 735 ILCS 5/3-110 charges courts with "determin[ing] if the conclusion is against the manifest weight of the evidence" the Administrative Review Act is adequate to address due process violation of which Michalowicz (and Cannici) complain. *Michalowicz*, 528 F.3d at 537-38. The type of relief Cannici seeks - an independent review of whether the

evidence supports his termination and whether the Board was biased or failed to follow the prescribed procedure in connection with his termination - falls squarely within the ambit of the Administrative Review Act, through the state court's review of the administrative record and through its authority to remand for rehearing. *Michalowicz*, 528 F.3d at 536.

Therefore, there is no procedural due process violation if the availability of administrative remedies at the hands of an unbiased decision-maker still exists. *Id*. The opportunity for Cannici to challenge the Board's decision in state court is all the process that is due. *Simmons v. Gillespie*, 712 F.3d 1041, 1044 (7th Cir. 2013); *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). Cannici fails to state a claim for procedural due process, and the claim is subject to dismissal.

## II. <u>EQUAL PROTECTION CLAIM</u>

The Equal Protection clause of the Fourteenth Amendment protects individuals from unequal or discriminatory treatment by virtue of their race, gender or national origin. It prohibits the discriminatory administration and enforcement of the law. *Smith v. Ross*, 482 F.2d 33, 36-37 (6th Cir. 1973). To state a viable equal protection claim under §1983, a party must allege that: 1) the party is a member of a protected class; 2) the party is otherwise similarly situated to members of an unprotected class; 3) the party was treated differently than the members of the unprotected class; and 4) defendant acted with discriminatory intent. *McPhaul v. Board of Commissioners*, 226 F.3d 558, 564 (7th Cir. 2000). This requires proof that the defendant purposefully discriminated against the plaintiff because of the plaintiff's identification with a particular (presumably historically disadvantaged) group. *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37

F.3d 1216, 1220 (7th Cir. 1994). The Supreme Court has also allowed "class-of-one" claims under the Equal Protection clause where an individual, and not a group, is alleging different treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564-565 (2000).

Cannici does not allege that he was discriminated against because of his identification with a particular group. Because Cannici does not allege a traditional equal protection type of claim, but rather that he was unfairly singled out, the only type of equal protection claim potentially available to him is the "class-of-one" variety. But Cannici's class-of-one claim misses the mark because the class-of-one theory of equal protection has no application in the public employment context. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 607 (2008). Allowing class-of-one claims in the context of public employment decisions would risk turning every exercise of supervisory and managerial discretion in the public employment sphere into a potential constitutional claim, *Engquist* at 599, 607-608, and would "impermissibly constitutionalize the employee grievance". *Id* at 609. Accordingly, as the Seventh Circuit has confirmed, the Supreme Court has foreclosed class-of-one claims "based on the highly discretionary and individualized sorts of decisions that public employers must make about their employees". *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010) (citing *Engquist*); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 ("To bring an equal protection claim, public employees aggrieved by their firing must be able to allege and later prove discrimination against a protected class. Under *Engquist*, the prohibition on class-of-one claims in the public employment context is categorical"). Decisions about when and how a public employer interprets and enforces residency requirements fall easily within the category of discretionary managerial decisions that are immune from

9

class-of-one claims. *Langmead v. Monroe County Office of Sheriff*, 11 cv 6003 – C.J.S. 2013 WL 3759958 at *8 (W.D. N.Y. July 15, 2013) (rejecting "class-of-one" equal protection claim based on claim of selective enforcement of residency requirement as foreclosed by *Engquist*).

### III. THE BOARD DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY FOR INDIVIDUAL CAPACITY CLAIMS

Even if, notwithstanding the preceding arguments, Cannici has a viable due process or equal protection claim, the Commissioners have quasi-judicial immunity for those claims brought against them in their individual capacities. Quasi-judicial immunity is available to those who preside over disciplinary hearings. *Ambus v. Utah State Board of Education*, 858 P.2d 1372 (Utah 1993) (state board members who revoked a teaching certificate were deemed to be entitled to absolute quasi-judicial immunity regarding claims of due process violations in connection with the hearing); *Mylett v. Mullican*, 992 F.2d 1347, 1353 (5th Cir. 1993) (civil service commission members were entitled to absolute quasi-judicial immunity for a termination decision.) A city board of fire and police commissioners was absolutely immunized for a termination decision because its members acted in a quasi-judicial capacity; and city attorneys were absolutely immune as legal counsel and obtained absolute prosecutorial immunity as counsel to the chief in the proceedings. *Balcerzak v. City of Milwaukee*, 980 F.Supp. 983, 987 (E.D. Wis. 1997); *Hartlep v. Torres*, 324 Ill.App.3d 817, 756 N.E.2d 371, 373, (2001) (disciplinary hearing before board of fire and police commissioners was quasi-judicial warranting application of absolute privilege); *Bushnell v. Caterpillar*, 291 Ill.App.3d 559, 683 N.E.2d 1286, 1288 (1997), (arbitral tribunal convened pursuant to

collective bargaining agreement was quasi-judicial in nature); *Lettis v. U.S. Postal Service*, 39 F.Supp.2d 181, 206 (E.D. N.Y. 1998) (collecting cases); *Reed v. Village of Shorewood*, 740 F.2d 943, 951-952 (7th Cir. 1983) (Local liquor control commissioner entitled to quasi-judicial immunity); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (same).

The Seventh Circuit applies a "functional approach" to determinations of quasi-judicial immunity. *Wilson v. Kelkhoff*, 86 F.3d 1438, 1443 (7th Cir. 1996); *Heyde v. Pittenger*, 633 F.3d 512, 517 (7th Cir. 2001) (concluding that members of an Illinois county's board of review, which hears complaints from taxpayers challenging their property assessments, are entitled to judicial immunity for their decisions resolving appeals). *Butz v. Economou*, 438 U.S. 478, (1978) identified six characteristics of quasi-judicial functions the court should consider when determining whether a public official is entitled to absolute immunity: 1) the need to assure that the individual can perform his functions without harassment or intimidation; 2) the presence of safeguards that reduce the needs for damages actions as a means for controlling unconstitutional conduct; 3) insulation from political influence; 4) the importance of precedent; 5) the adversarial nature of the process; and 6) the correctability of error on appeal. *Butz v. Economou*, 438 U.S. at 512.

In *Bless v. Cook County Sheriff's Office, et al.*, 13 cv 4271, 2015 WL 890370 (N.D. Ill. Feb. 27, 2015), the court addressed those factors in the context of actions taken by the Sheriff's Merit Board, which rules on employee discipline. The court found that the duties performed by members of the Sheriff's Merit Board were sufficiently quasi-judicial in nature to warrant absolute immunity. As to the first *Butz* factor, the

11

*Bless* court held that employment disputes, like other disputes that Illinois has delegated to administrative boards (like the Merit Board or Board of Fire and Police Commissioners), are "inherently controversial and likely to result in disappointed parties and, unless checked, a multitude of lawsuits". *Bless* at *3 *citing Heyde*, 633 F.3d at 519. The court held that it is imperative that members of the Merit Board feel free to adjudicate employment disputes within the Sheriff's office without fear of litigation. As to the second *Butz* factor, Merit Board members are constrained by procedural safeguards controlling unconstitutional conduct. Their decisions are subject to judicial review under the Illinois Administrative Review law, and individuals before the Merit Board are afforded a full opportunity to be heard in his or her own defense and produce proof in his or her defense. The same is true here. Pursuant to 65 ILCS 5/10-2.1-17, the Board "shall conduct a fair and impartial hearing" and provides that an officer have "an opportunity to be heard in his own defense". As to the third *Butz* factor, the court found that the Merit Board is insulated from political influence through statutory provisions preventing one political party to claim more than three board positions. *Bless* at *4 *citing Tobin for Governor v. Illinois State Board of Elections*, 268 F.3d 517, 526 (7th Cir. 2001) (holding that a state election board was entitled to quasi-judicial immunity, even though the members of that board were political appointees.) Although the Sheriff appoints the members of the Merit Board (just as the mayor appoints members of the Board, pursuant to 65 ILCS 5/10-2.1-2 and 10-2.1-3), the salient inquiry is not how the Merit Board members were appointed, but whether the appointment process renders their deliberations captive to the political process. *Id* ("If the rule were otherwise, state judges who are elected would not be entitled to absolute immunity.") As to the fourth *Butz*

factor, the court held that judicial review of the board's decisions provides a sufficient safeguard. Lastly, the fifth and sixth *Butz* factors also pointed to immunity. *Bless* at *4. Butz was represented by counsel before the Merit Board, and the board's decision can be appealed pursuant to the Administrative Review Act (735 ILCS 5/3-102).

For the same reasons that the Merit Board members were entitled to quasi-judicial immunity in *Bless*, the Commissioners here, sued in their individual capacity, are entitled to absolute quasi-judicial immunity.

### IV. THE ADMINISTRATIVE REVIEW ACT CLAIM SHOULD BE REMANDED TO STATE COURT.

If the court disposes of the federal claims, it is left with only the Administrative Review Act claim, brought pursuant to state law. As a general matter, if all federal claims are dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims. *Wright v. Associated Insurance Companies*, 29 F.3d 1244, 1252 (7th Cir. 1994). Although that rule is subject to three recognized exceptions, none apply here. *Wright* at 1252; *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *Dietchweiler by Dietchweiler v. Lucas*, (7th Cir. 2016) ("[W]hen the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state claims").

WHEREFORE, the Defendants, BOARD OF FIRE AND POLICE COMMISSIONERS OF MELROSE PARK and COMMISSIONERS MICHAEL CAPUTO, MARK RAUZI, and PASQUALE ESPOSITO, respectfully request this Honorable Court dismiss the 1983 due process and equal protection claims against the BOARD OF FIRE AND POLICE COMMISSIONERS OF MELROSE PARK and COMMISSIONERS

MICHAEL CAPUTO, MARK RAUZI, and PASQUALE ESPOSITO, and for such other and further relief as this Court deems just and proper.

                                                  Respectfully Submitted,

                                                  <u>/s/Patrick H. O'Connor</u>
Attorney for Defendants, Board of Fire and Police Commissioners of Melrose Park, and Commissioners Michael Caputo, Mark Rauzi, and Pasquale Esposito

Patrick H. O'Connor, ARDC No. 06207351
HARTIGAN & O'CONNOR P.C.
53 West Jackson Blvd., Suite 460
Chicago, IL 60604
Tel. 312/235-8880
Fax 312/235-8884

.

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that on the 27th day of October, 2016, he electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

      /s/Patrick H. O'Connor